# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KIMYUATTA LEWIS and KEITH BRIGGS, A MINOR by her Mother
KIM BRIGGS

## DEFENDANTS

CITY OF PHILADELPHIA (See list for additional Defendants)

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Val Pleet Wilson, Esq., Wilson, Johnson & Zuber, One South Broad
St., Phila, PA 19107    (215) 988-9277

Attorneys (If Known)

Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983

Brief description of cause:
False, Arrest, Excessive Force, Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE   12/30/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## Additional Defendants

**OFFICER JOY GRIFFIN (Badge 4243):**
c/o Law Department
15th Floor
One Parkway 1515 Arch Street,
Philadelphia, PA 19102
      AND
**OFFICER RAYMOND RUTTER (Badge 1581)**
c/o Law Department
15th Floor
One Parkway 1515 Arch Street,
Philadelphia, PA 19102
      AND
**JOHN AND MARY DOE POLICE OFFICERS**
c/o Law Department
15th Floor
One Parkway 1515 Arch Street,
Philadelphia, PA 19102

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2541 South Robinson Street, Philadelphia, PA 19142__

Address of Defendant: __One Parkway, 1515 Arch Street, 15th Fl., Phila, PA__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　　Yes☐　No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　　　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　　Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability —— Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____　　　_____　　　_____
　　　　　　　　　　　Attorney-at-Law　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/30/08__　　　_____　　　__25787__
　　　　　　　　　　　Attorney-at-Law　　　Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

KIMYUATTA LEWIS and KEITH BRIGGS,:       CIVIL ACTION
A MINOR, by Her Guardian and     :
Mother, Kim Briggs                 :
              v.                   :
CITY OF PHILADELPHIA, ET AL        :       NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                       ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                              ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

| | | |
|---|---|---|
| 12/30/08 | | Val Pleet Wilson, Esq. |
| **Date** | **Attorney-at-law** | **Attorney for** Kimyuatta Lewis and Keith Briggs, A minor vpw@wjzlaw.com |
| 215 988-9277 | 215 988-1580 | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMYUATTA LEWIS** | : | **CIVIL ACTION** |
| 2541 South Robinson Street | | **NO:** |
| Philadelphia, PA  19142 | : | |
| | | **TRIAL BY JURY DEMANDED** |
| AND | : | |
| | | |
| **KEITH BRIGGS, A MINOR** | : | |
| By Her Guardian and Mother | | **NO:** |
| **KIM BRIGGS** | : | |
| 2541 South Robinson Street | | |
| Philadelphia, PA 19142 | : | |
| **Plaintiffs** | | |
| V. | : | |
| | | |
| **CITY OF PHILADELPHIA** | : | |
| c/o Law Department | | |
| 15th Floor | : | |
| One Parkway 1515 Arch Street, | | |
| Philadelphia, PA 19102 | : | |
| AND | | |
| **OFFICER JOY GRIFFIN (Badge 4243)** | : | |
| c/o Law Department | | |
| 15th Floor | : | |
| One Parkway 1515 Arch Street, | | |
| Philadelphia, PA 19102 | : | |
| AND | | |
| **OFFICER RAYMOND RUTTER (Badge 1581)** | : | |
| c/o Law Department | | |
| 15th Floor | : | |
| One Parkway 1515 Arch Street, | | |
| Philadelphia, PA 19102 | : | |
| AND | | |
| **JOHN AND MARY DOE POLICE OFFICERS** | : | |
| c/o Law Department | | |
| 15th Floor | : | |
| One Parkway 1515 Arch Street, | | |
| Philadelphia, PA 19102 | : | |
| **Defendants** | | |

1

## CIVIL ACTION COMPLAINT

Plaintiffs by and through their attorney Val Pleet Wilson, Esquire and Wilson, Johnson & Zuber hereby allege the following:

## PARTIES

1.      At all times relevant hereto the Plaintiff KIMYUATTA LEWIS, is an adult who resides at the address in the caption.

2.      At all times relevant hereto the Plaintiff KEITH BRIGGS, A MINOR is a child who resides at the address in the caption.  This action is brought by her guardian and mother KIM BRIGGS.  At the time of the incident, Plaintiff was eight years old.

3.      At all times relevant hereto the Defendant City of Philadelphia (hereafter "City"), is a municipal  government agency organized under the laws of the Commonwealth of Pennsylvania and with a principal and central office of business located at One Parkway 1515 Arch Street, Philadelphia, PA. 19102.

4.      At all times relevant hereto Defendant Police Officers JOY GRIFFIN (Badge 4243) and RAYMOND RUTTER (Badge 1581) and JOHN AND OR MARY DOE POLICE OFFICERS are believed to be adult male and/or female citizens and residents of the City of Philadelphia who are employees of the City of Philadelphia Police Department with a principal and central office of business located at Police Headquarters, 8th and Race Streets, Philadelphia, PA.  All are believed to be current City employees and were City Police Officers on June 20, 2007.

5       At all times material hereto, the Defendant City acted through its agents, servants, workmen and/or employees, specifically the City of Philadelphia Police Department in the furtherance of its legislative mandate.

6.     At all times material hereto, the officers involved officers and the John Doe officers acted under color of law and within the course and scope of their employment, pursuant to their customs, policies, practices, ordinances, regulations, directives specifically for and of the City of Philadelphia Police Department in the furtherance of its legislative mandate.

## FACTUAL BACKGROUND

7.     This is a civil action whereas Plaintiffs were falsely arrested and during the course of their arrest, the arresting officers used excessive force.  The civil rights of the Plaintiffs were violated.  They were deprived of their liberty.  They were assaulted.  They were falsely imprisoned.

8.     On June 20, 2007 at approximately 10:20 PM the Plaintiffs were at or near 65th & Elmwood Streets in Philadelphia, PA.  The statement given by KIMYUATTA LEWIS to IAD is attached as **EXHIBIT 1** and the statement given by KIM BRIGGS to IAD is attached as **EXHIBIT 2**.  Both are incorporated herein and made a part hereof.  Plaintiff KEITH BRIGGS was eight years old and Plaintiff KIMYUATTA LEWIS was seventeen years old at the time.

The false arrest, excessive force, false imprisonment, arrest and stop without probable cause and violations of civil rights include:

(Officers JOY GRIFFIN (Badge 4243) and RAYMOND RUTTER (Badge 1581) were the perpetrators at or near 65th & Elmwood Streets in Philadelphia, PA, at the Tilton middle School and the 12th Police District and the JOHN and MARY DOE OFFICERS were the perpetrators at the 12th District and 18th District)

A.     Handcuffing and touching inflicted on KIMYUATTA LEWIS including the tightening of the handcuffs.

B.     The transport and incarceration inflicted on KIMYUATTA LEWIS.

D.     The yelling at KIMYUATTA LEWIS and KEITH BRIGGS.

E.     The mocking of KIMYUATTA Lewis's face.

F.     The pushing of the KIMYUATTA LEWIS into the police vehicle.

3

G.     The pushing and touching including on the KIMYUATTA Lewis's stomach and chest and HEAD when she was in or being pushed into the car and inappropriate touching of KIMYUATTA LEWIS by Officer RUTTER.

H.     The officers' refusal to keep the eight year old KEITH BRIGGS with his sister KIMYUATTA LEWIS even though he kept trying to get into the police vehicle where she was and the officer's abandonment of KEITH BRIGGS in a dangerous area.  In separating the child from his sister even though it was clear that he did not want separation and in leaving him with his chosen caretaker or the caretaker chosen by his mother or with non-caretakers who were young and who may or may not have stayed with or cared for him the officers abandoned the child, recklessly endangered his welfare and risked a catastrophe.

I.     The officers' touching and pushing KEITH BRIGGS when he tried to get into the police vehicle.

J.     The grabbing of the cell phone from KEITH BRIGGS.

L.     The officers stating to KIM BRIGGS on the phone that the children were being arrested the use of the term BULLSHIT and the their refusal to talk to KIM BRIGGS.

M.     The officer putting his elbow into the neck of KEITH BRIGGS, the choking of KEITH BRIGGS and the officer yelling at him to get away when KEITH BRIGGS again tried to get into the police vehicle with KIMYUATTA LEWIS.

L.     The driving of KIMYUATTA BRIGGS from the scene to The Tilton Middle School and the smoking of cigarettes in the police car by the officers.

M.     The police officers showing off their prisoner KIMYUATTA LEWIS to other children at the Tilton Middle School.

N.     The driving of KIMYUATTA LEWIS from the Tilton Middle School to the 12th District.

O.     The transfer of KIMYUATTA LEWIS from the police car to a paddy wagon at the 12th District even though her mother was now at the scene.

4

P.      The transfer of KIMYUATTA LEWIS from the 12th District to the 18th District in the paddy wagon.

Q.      The incarceration of KIMYUATTA LEWIS at the 18th District for 13 hours.

9.      At no time did Plaintiffs attempt to resist arrest.

10.     At no time did Plaintiffs commit any offense against the laws of the Commonwealth of Pennsylvania for which an arrest may be lawfully made nor was there probable cause for an arrest.

11.     At no time did Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts, or engage in any conduct, which in any way justified the actions of the defendant officers.

12.     If there was a curfew violation, it was no cause for the Defendants' actions, the arrest, the use of excessive force, the false imprisonment and the incarceration or for any of Defendants' conduct and particularly not cause to abandon an eight year old child.

13.     The assaults against plaintiffs, their improper and unjustified arrest, handcuffing, transporting, holding, humiliation and the improper search of Plaintiffs, their wrongful imprisonment and abandonment, were the result of all individual Defendant police officers lack of knowledge of any legitimate cause or justification, and were intentional, malicious, reckless and in bad faith and the officers used excessive force.

14.     As a direct and proximate result of the actions of all individual Defendant Officer(s), Plaintiffs were arrested, detained, searched and subjected to excessive force, physical and verbal abuse, injuries and trauma without just or probable cause.

15.     The officers' conduct were knowing, intentional, and/or malicious and were calculated to inflict injury to Plaintiffs and were not intended to restrain Plaintiffs or protect Plaintiffs or others from harm and the force used was excessive.

16.     The individual Defendants Officer(s) conspired to inflict harm on Plaintiffs and deprive them of their constitutional rights.

17.     The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct their employees and agents were a factual cause of the harm and damages sustained by the Plaintiffs.  In the alternative, the aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents was the direct and proximate cause of the harm and damages sustained by the Plaintiffs.

18.     The aforementioned acts and conduct of the Defendants and the aforementioned conduct their employees and agents were a factual cause and the direct and proximate cause of at least the following harm and damages sustained by Plaintiffs KIMYUATTA LEWIS:

A.     Injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche, some or all of which are permanent including:

- Trauma and distress
- Flashbacks;
- Psychiatric injuries;
- Emotional injuries;
- Pain and suffering;
- Emotional distress;
- Mental anguish and distress;
- Humiliation and embarrassment; and
- (The above is not meant to be a complete list but rather are some of the injuries noted in the medical records in counsel's file as of the date of this

6

complaint).

B.     Loss or reduction of earnings and/or earning capacity and/or household services from the date of the injuries to the date of the trial of this case including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this accident.

C.     Loss or reduction earnings and earning capacity and/or household services from the date of the trial of this case until Plaintiff's death and work life span including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this accident.

D.     Medical expenses of Plaintiff related to or caused by the accident from the date of injury to the date of the trial of this case.

E.     Medical expenses that Plaintiff will incur after the trial of this case until Plaintiff's death related to or caused by the accident.

F.     Pain and suffering that Plaintiff has endured from the date of the injury to the date of the trial of this case.

G.     Pain and suffering that Plaintiff will endure from the date of the injury to the date of Plaintiff's death.

H.     Embarrassment and humiliation that Plaintiff has endured from the date of the injury to the date of the trial of this case.

I.     Embarrassment and humiliation that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

J.     Loss of ability to enjoy the pleasures of life that Plaintiff has endured from the date of the injury to the date of the trial of this case.

K.     Loss of ability to enjoy the pleasures of life that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

L.     Attorney Fees.

M.     Incidental costs.

N.     Property damage

7

19.    The aforementioned acts and conduct of the Defendants and the aforementioned conduct their employees and agents were a factual cause and the direct and proximate cause of at least the following harm and damages sustained by Plaintiff KEITH BRIGGS:

A.    Injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche, some or all of which are permanent including:

- Trauma and distress
- Flashbacks;
- Psychiatric injuries;
- Emotional injuries;
- Pain and suffering;
- Emotional distress;
- Mental anguish and distress;
- Humiliation and embarrassment; and
- (The above is not meant to be a complete list but rather are some of the injuries noted in the medical records in counsel's file as of the date of this complaint).

B    Loss or reduction of earnings and/or earning capacity and/or household services from the date of the injuries to the date of the trial of this case including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this accident.

C.    Loss or reduction earnings and earning capacity and/or household services from the date of the trial of this case until Plaintiff's death and work life span including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this accident.

D.    Medical expenses of Plaintiff related to or caused by the accident from the date of injury to the date of the trial of this case.

E.    Medical expenses that Plaintiff will incur after the trial of this case until Plaintiff's death related to or caused by the accident.

F.      Pain and suffering that Plaintiff has endured from the date of the injury to the date of the trial of this case.

G.      Pain and suffering that Plaintiff will endure from the date of the injury to the date of Plaintiff's death.

H.      Embarrassment and humiliation that Plaintiff has endured from the date of the injury to the date of the trial of this case.

I.      Embarrassment and humiliation that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

J.      Loss of ability to enjoy the pleasures of life that Plaintiff has endured from the date of the injury to the date of the trial of this case.

K.      Loss of ability to enjoy the pleasures of life that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

L.      Attorney Fees.

M.      Incidental costs.

20.     Defendants' actions were wilful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive and so egregious as to shock contemporary conscience.

## COUNT I
## VIOLATION OF 42 U.S.C.A. 1983
## KIMYUATTA LEWIS v. DEFENDANTS

21.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 20 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

22.     Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

23.     Defendants' actions, were taken under colour of state law, are state actions under 42 U.S.C. 1983, and have deprived Plaintiff of his rights, privileges and/or immunities secured

by the Constitution and laws of the United States including his right to be free from false arrest, false imprisonment and excessive force.

24      Defendants' actions have violated, and unless enjoined will continue to violate, Plaintiff's constitutionally protected rights of freedom of speech and association, substantive and procedural Due Process, and Equal Protection.  The Defendants also violated his constitutional rights by using excessive force and arresting him without probable cause.

25.      The Plaintiff has the right to be secure in his persons, houses, papers and effects, against unreasonable searches and seizures, and this right was violated, as no warrants were issued upon probable cause or supported by Oath or affirmation or particularly describing the place to be searched, and the persons or things to be seized.

26.      On information and belief, the aforesaid actions of Defendants were taken intentionally, wilfully and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff.

27.      Defendants' actions as stated herein denied his equal protection of the law in violation of the United States Constitution, the 4th Amendment, the Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983.

28.      Defendants' actions as stated herein denied Plaintiff's right to due process in violation of the United States Constitution, the 4th Amendment, the Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983.

29.      Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff KIMYUATTA LEWIS demands judgment against Defendants for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT II - EXCESSIVE FORCE
## KIMYUATTA LEWIS v. DEFENDANTS

30.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 29 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

31     Plaintiff believes and therefore avers that the force used upon him was unnecessary and more force than was reasonable and necessary under the circumstances.

32.     Plaintiff believes and therefore avers that Defendants', acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

33.     Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff KIMYUATTA LEWIS demands compensatory and punitive damages against Defendants, for such sums as would reasonable and properly compensate him for injuries in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT III – ARREST WITHOUT PROBABLE CAUSE
## KIMYUATTA LEWIS v. DEFENDANTS

34.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 33

11

of this Complaint and incorporates them herein by reference as if the same were set forth at length.

35.     Plaintiff believes and therefore avers that he was arrested without probable cause.

36.     Plaintiff believes and therefore avers that Defendants', acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

37.     Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff KIMYUATTA LEWIS demands compensatory and punitive damages against Defendants, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT IV - 42 U.S.C.A. 1983
## MONELL CLAIM
## KIMYUATTA LEWIS v. DEFENDANTS

38.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 37 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

39      The Plaintiff believes and therefore avers that Defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in denying equal protection of the law, condoning excessive force, false arrest, and subjecting its citizens to the same type of treatment to which Plaintiff was subjected.  Said policy, custom and practice violate the Fourth and Fourteenth

12

Amendments of the Constitution of the United States as well as federal statutory law and Pennsylvania law.

40.     The Plaintiff believes and therefore avers that the Defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual John Doe Defendants, regarding individuals' right to equal protection and to be free from being falsely arrested with excessive force, which policy and/or custom and/or practice violates the Fourth and Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

41.     The Defendant, City of Philadelphia, has been deliberately indifferent to the rights of City citizens to be given equal protection of the law and not be subject to excessive force, which deliberate indifference violates the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

42.     The Plaintiff believes and therefore avers, that at all material times, Defendant, City of Philadelphia, knew or should have known of the above described policy, custom and practice of the Philadelphia Police Department, and that its Police Officers engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

43.     By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant, City of Philadelphia, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights

13

under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

44.     The conduct of the City of Philadelphia and/or the conduct of defendants' employees or agents, including the Police Commissioner, and/or policy maker for the City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff. (See above).

**WHEREFORE**, Plaintiff KIMYUATTA LEWIS demands judgment against Defendant, City of Philadelphia, for such sums as would reasonable and properly compensate him for injuries in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees.

## COUNT V - ASSAULT and BATTERY
## KIMYUATTA LEWIS v. DEFENDANTS

45.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 44 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

46.     The above-described actions of the Defendant Officer(s) constitute a battery because their intentional physical contact of touching the Plaintiff was harmful and/or offensive gave the Plaintiff reason to fear or expect immediate bodily harm.

47.     Plaintiff believes and therefore avers that the Defendant Officer(s) acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the Plaintiff, as more particularly described hereinabove.

48.     Plaintiff specifically complains of the conduct of the Defendant Officer(s), in menacing, threatening, harassing and physically abusing him, all of which placed him in imminent fear of bodily harm.

49.     The above-described actions of the Defendant Officer(s) placed the Plaintiff in the reasonable fear of imminent bodily harm and resulted in the Plaintiff being unlawfully and improperly assaulted against his will.

50.     Defendant Officer(s) malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

51.     The above-described actions of the Defendant, Officer(s), were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE,** Plaintiff **KIMYUATTA LEWIS** demands compensatory and punitive damages against Defendants for the common law tort of assault and battery, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VI - FALSE ARREST
## KIMYUATTA LEWIS v. DEFENDANTS

52.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 51 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

53.     Plaintiff believes and therefore avers that the Defendant Officer(s), through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely arrest Plaintiff.

54.     The above-described malicious, intentional acts of Defendant Officer(s) were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

55.     The malicious, intentional and/or reckless actions of Defendant Officer(s) were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

56.     The above-described actions of Defendant Officer(s) were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff KIMYUATTA LEWIS demands compensatory and punitive damages against Defendants, for the common law tort of intentional infliction of emotional distress, for such sums as would reasonable and properly compensate his for injuries in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VII - CIVIL CONSPIRACY
## KIMYUATTA LEWIS v. DEFENDANTS

57.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 56 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

58.     Plaintiff believes and therefore avers that the Defendant, Officer(s), through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally conspire, while acting within the course and scope of their authority, to unlawfully arrest Plaintiff which ultimately caused Plaintiff substantial damages and harm.

59.     Defendant Officer(s) civil conspiracy for their malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE,** Plaintiff KIMYUATTA LEWIS demands compensatory and punitive damages against Defendants, for such sums as would reasonable and properly compensate him for injuries in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

**COUNT VIII**
**VIOLATION OF 42 U.S.C.A. 1983**
**KEITH BRIGGS, A MINOR v. DEFENDANTS**

60.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 59 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

61.     Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

62.     Defendants' actions, were taken under colour of state law, are state actions under 42 U.S.C. 1983, and have deprived Plaintiff of his rights, privileges and/or immunities secured by the Constitution and laws of the United States including his right to be free from false arrest, false imprisonment and excessive force.

63     Defendants' actions have violated, and unless enjoined will continue to violate, Plaintiff's constitutionally protected rights of freedom of speech and association, substantive and procedural Due Process, and Equal Protection.  The Defendants also violated his constitutional rights by using excessive force and arresting him without probable cause.

17

64.     The Plaintiff has the right to be secure in his persons, houses, papers and effects, against unreasonable searches and seizures, and this right was violated, as no warrants were issued upon probable cause or supported by Oath or affirmation or particularly describing the place to be searched, and the persons or things to be seized.

65.     On information and belief, the aforesaid actions of Defendants were taken intentionally, wilfully and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff.

66.     Defendants' actions as stated herein denied his equal protection of the law in violation of the United States Constitution, the 4th Amendment, the Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983.

67.     Defendants' actions as stated herein denied Plaintiff's right to due process in violation of the United States Constitution, the 4th Amendment, the Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983.

68.     Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff KEITH BRIGGS, A MINOR demands judgment against Defendants for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT IX- EXCESSIVE FORCE
## KEITH BRIGGS, A MINOR v. DEFENDANTS

69.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 68 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

18

70.     Plaintiff believes and therefore avers that the force used upon him was unnecessary and more force than was reasonable and necessary under the circumstances.

71.     Plaintiff believes and therefore avers that Defendants', acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

72.     Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE,** Plaintiff KEITH BRIGGS, A MINOR demands compensatory and punitive damages against Defendants, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT X – ARREST WITHOUT PROBABLE CAUSE
## KEITH BRIGGS, A MINOR v. DEFENDANTS

73.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 72 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

74.     Plaintiff believes and therefore avers that he was arrested without probable cause.

75.     Plaintiff believes and therefore avers that Defendants', acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

76.     Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

19

**WHEREFORE**, Plaintiff KEITH BRIGGS, A MINOR demands compensatory and punitive damages against Defendants, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

### COUNT XI - 42 U.S.C.A. 1983
### MONELL CLAIM
### KEITH BRIGGS, A MINOR v. DEFENDANTS

77.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 76 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

78.     The Plaintiff believes and therefore avers that Defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in denying equal protection of the law, condoning excessive force, false arrest, and subjecting its citizens to the same type of treatment to which Plaintiff was subjected.  Said policy, custom and practice violate the Fourth and Fourteenth Amendments of the Constitution of the United States as well as federal statutory law and Pennsylvania law.

79.     The Plaintiff believes and therefore avers that the Defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual John Doe Defendants, regarding individuals' right to equal protection and to be free from being falsely arrested with excessive force, which policy and/or custom and/or practice violates the Fourth and Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

80.     The Defendant, City of Philadelphia, has been deliberately indifferent to the rights of City citizens to be given equal protection of the law and not be subject to excessive force,

which deliberate indifference violates the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

81.     The Plaintiff believes and therefore avers, that at all material times, Defendant, City of Philadelphia, knew or should have known of the above described policy, custom and practice of the Philadelphia Police Department, and that its Police Officers engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

82.     By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant, City of Philadelphia, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

83.     The conduct of the City of Philadelphia and/or the conduct of defendants' employees or agents, including the Police Commissioner, and/or policy maker for the City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff. (See above).

**WHEREFORE**, Plaintiff **KEITH BRIGGS, A MINOR** demands judgment against Defendant, City of Philadelphia, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees.

## COUNT XII - ASSAULT and BATTERY
## KEITH BRIGGS, A MINOR v. DEFENDANTS

84.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 83 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

85.     The above-described actions of the Defendant Officer(s) constitute a battery because their intentional physical contact of touching the Plaintiff was harmful and/or offensive gave the Plaintiff reason to fear or expect immediate bodily harm.

86.     Plaintiff believes and therefore avers that the Defendant Officer(s) acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the Plaintiff, as more particularly described hereinabove.

87.     Plaintiff specifically complains of the conduct of the Defendant Officer(s), in menacing, threatening, harassing and physically abusing him, all of which placed him in imminent fear of bodily harm.

88.     The above-described actions of the Defendant Officer(s) placed the Plaintiff in the reasonable fear of imminent bodily harm and resulted in the Plaintiff being unlawfully and improperly assaulted against his will.

89.     Defendant Officer(s) malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

90.     The above-described actions of the Defendant, Officer(s), were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

22

**WHEREFORE**, Plaintiff KEITH BRIGGS, A MINOR demands compensatory and punitive damages against Defendants, for the common law tort of assault and battery, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

**COUNT XIII - FALSE ARREST**
**KEITH BRIGGS, A MINOR v. DEFENDANTS**

91.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 90 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

92.     Plaintiff believes and therefore avers that the Defendant Officer(s), through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely arrest Plaintiff.

93.     The above-described malicious, intentional acts of Defendant Officer(s) were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

94.     The malicious, intentional and/or reckless actions of Defendant Officer(s) were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

95.     The above-described actions of Defendant Officer(s) were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff KEITH BRIGGS, A MINOR demands compensatory and punitive damages against Defendants, for the common law tort of intentional infliction of

23

emotional distress, for such sums as would reasonable and properly compensate his for injuries in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT XIV - CIVIL CONSPIRACY
## KEITH BRIGGS, A MINOR v. DEFENDANTS

96.    Plaintiff alleges each and every allegation contained in paragraphs 1 – 95 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

97.    Plaintiff believes and therefore avers that the Defendant, Officer(s), through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally conspire, while acting within the course and scope of their authority, to unlawfully arrest Plaintiff which ultimately caused Plaintiff substantial damages and harm.

98.    Defendant Officer(s) civil conspiracy for their malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE,** Plaintiff KEITH BRIGGS, A MINOR demands compensatory and punitive damages against Defendants, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT XV – NEGLIGENT AND WILLFULL AND MALICIOUS ABANDONEMENT, ENDANGERING THE WELFARE OF A CHILD AND RISKING A CATASTROPHE
## KEITH BRIGGS, A MINOR v. DEFENDANTS

99.    Plaintiff alleges each and every allegation contained in paragraphs 1 – 98 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

100.    Plaintiff believes and therefore avers that the Defendant, Officer(s), through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally conspire, while acting within the course and scope of their authority, to unlawfully arrest Plaintiff which ultimately caused Plaintiff substantial damages and harm.

100.    Defendant Officer(s) civil conspiracy for their malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE,** Plaintiff KEITH BRIGGS, A MINOR demands compensatory and punitive damages against Defendants, for such sums as would reasonable and properly compensate him for injuries in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

Respectfully submitted,


BY:  VAL PLEET WILSON, ESQUIRE
WILSON, JOHNSON & JOHNSON
ONE SOUTH BROAD - SUITE 1810
ONE SOUTH BROAD STREET
PHILADELPHIA, PA  19107
I.D.  25787
(215) 988-9277
vpw@wjzlaw.com
www.wjzlaw.com

Date:   12/29/08

25

# EXHIBIT "1"

STATEMENT OF: Ms. Kimyuatta Lewis
2541 S. Robinson Street
Philadelphia, Pa. 19142
DOB 4-18-90

DATE AND TIME: 1-8-08, 9:45 AM

PLACE: 7790 Dungan Road, IAD Headquarters

CONCERNING: IAD #07-0577-

IN PRESENCE OF: Ms. Kim Briggs

INTERROGATED BY: Sergeant Michael Sheeron #350, Internal Affairs Division

RECORDED BY: Sergeant Michael Sheeron #350, Internal Affairs Division

I am Sergeant Michael Sheeron, Internal Affairs Division, I will be taking your statement directly onto the word processor.

Q. I am conducting an investigation into your mothers Complaint Against Police, IAB# 07-0577. This complaint is about you being arrested on 6-20-07 at approximately 10:20 PM , in the area of 65th and Elmwood Streets. What happened that night? _Between 67-68_ _when_ _K.L._

A. It was me my brother Keith and three other friends, girls we went to the Chinese store at 65th and Elmwood. We had just ordered and we went into the store. All five of us walked out of the store so the food could get done. We was walkin to the corner we were planning to go back and get the food. That's when the cop came. He was came across the yellow line in the street . he put that bright light on us and put his hand out. He signaled with his finger for us to come over to him. We all stopped and just looked over to him. Since nobody moved he yelled over to us to come here. One of the girls walked over to the window of the police car. Then he said no all of you. When we all walked over we was all in a line. I was like in front of the back door, the one behind him. He made a remark to me, he said what's wrong with your face or does it always look like that. I don't know how he seen my face, my hairs was down covering the side of my face. So we all look at each other and ask what does that mean. I just folded my arms and I took a step back. He turned and told the lady cop to get out of the car. While she was walking out the car he started talking to the kids about curfew. Then the lady officer started yelling at me, askin my name and age.

_Kimyuatta Lewis_

I told her I was (17) seventeen years old. She was responded that's old enough to get locked up. She paused and stopped talking to me after she made that remark. Then she started listening to what the male officer was saying to the kids. He continued talking about the curfew, and that we should hurry up and get home. While we was all listenin she came and stood beside me. She was facing the police car after we was all listening to all he was saying she just pinched my arm. That's when I reached to touch my arm. He get out of the car, he starts yellin at me, what's you doing and all this other stuff. Then the lady cop started yellin at me they was just both yellin for no reason. As they was yelling at me they were askin questions. I don't remember what questions. All I remember was yes and no questions. After I was done asking the lady cop questions she picked up her phone. Someone had called her. The male officer kept asking me questions. While we was still talking, the next thing I knew the lady officer, she put the handcuffs on my right arm. When I noticed what she was doing I look down at my arm, because she put the handcuff on real loose. When I looked down at my arm, as I went to reach for my arm the male officer , I don't know if he thought I was trying to hit her or what, he just reacted and grabbed my other arm and pushed it behind my back. As he did that he put the handcuff on tight. I was askin him what your doing, why your doing this. All they kept saying was shut up and kept yelling at me. One of my friends got on the phone and called my mom. While the male officer was trying to push me in the car. He opened the door and pushed my head inside the car. But I couldn't get in the car cause he's pushing me. He told me to turn around a little bit and put my feet first in the car. As I went into the car he pushed me and I fell back onto the chair. He had his hands on my stomach and was pushing his hand further and further up onto my chest telling me to get into the car. When I was finally all the way in the car he closed the door. My friend was still on the phone with my mom, she was telling everything that was going on and to hurry up. During all of this my brother was crying and trying to get into the car with me. As he tried to open the car with me the male officer pushed him, he had his elbow in chest or throat or some place I couldn't see. After that my brother just backed up. Then my friend was trying to calm him down and told him to get on the phone with my mom. After he got on the phone with my mom he was crying and telling her how they was treating me. As he was telling her how they was treating me the male officer grabbed the phone from my brother. After he got off the phone I noticed the female cop asking everybody their names. She was writing it on her note pad or whatever. My brother tried to get into the car once again this time he was really upset crying telling the officer he wanted to go with me.

Kimmyuette Lewis

This time the male officer choked him and told him to get away. I heard the male officer saying your lucky your not being locked up with her. My friend was holding my brother as both officer got back in the car. The cops told the kids to hurry up and get home. We was in the car and was pullin off then he seen the paddy wagon. They told the cops in the paddy wagon to meet them at the 12th District. They said because we got a hostile one. Then they drove off. They went to light and turned left onto 66th. They stopped in front of the building, the Tilton middle school. They stopped the car and was talking to each other, they were smoking cigarettes. Then they looked over and seen little kids outside. So they get out the car and started talking to the kids. They told them that they better hurry up home. They either said you'll get locked up or be in the back like her. The little kids just ran off, the officers finished talking to each other, then jumped back into the car and went to the 12th District. Once we were in front of the 12th District the paddy wagon pulled up and then my mom pulled up in her van. There was also another set of male and female officers in the paddy wagon. I don't recall which officer came and got me out of the car but it was one of the officers from the paddy wagon. My mom had stepped out of her car and asked them what did I do and why are you locking me up. I heard one of the officers say back up mamm. I said to my mom I didn't do nothing. They put me in the paddy wagon, my mom was trying to ask them questions. They didn't want to answer. The female officer from the paddy wagon asked them where you want us to take her. The male officer said the 18th District, they closed the door and took me to the 18th District.

Q. Who was with you when the police stopped you?
A. My brother Keith, my friend Nastossia at the time she was 14, she lives at 6419 Chelwynde Ave , Briyana Glass, she was about 11 or 12, she lives at 6425 Chelwynde Ave and her cousin Kendra, she was like 11 also, I don't know nothing about her.

Q. How long have you known these girls ?
A. Briyana about four years, Nastossia about two

Q. Did you hit or push any police officers?
A. No

*Kenyuatta Lewis*

Q. Is there anything else you would like to add to your statement that has not been addressed?
A. I guess, why did the male officer touch me

Q. How did the male officer touch you?
A. Well first when he touched my chest when he put me in the car and why did he touch me at all. There was a female cop there.

Q. Is there anything else you would like to add?
A. What did she pinch my arm for.


STATEMENT CONCLUDED: 1-8-08, 10:57 AM


I HAVE READ THE FOREGOING STATEMENT CONSISTING OF FOUR (4) PAGES AND IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

NAME: Kimyuatta Lewis

ADDRESS: 2541 Robinson St.

DATE & TIME: 1/8/08    11:17 a.m.

SIGNATURE: Kimyuatta Lewis


WITNESSES

Kim Briggs

Kim Briggs

# EXHIBIT "2"

STATEMENT OF:      Ms. Kim Briggs
                        2541 S. Robinson Street
                        Philadelphia, Pa. 19142
                        DOB 5-10-69

DATE AND TIME:      1-8-08, 11:25 AM

PLACE:               7790 Dungan Road, IAD Headquarters

CONCERNING:        IAD #07-0577-

IN PRESENCE OF:

INTERROGATED BY:    Sergeant Michael Sheeron #350, Internal Affairs Division

RECORDED BY:       Sergeant Michael Sheeron #350, Internal Affairs Division

I am Sergeant Michael Sheeron, Internal Affairs Division, I will be taking your statement directly onto the word processor.

Q. I am conducting an investigation into your Complainant Against Police, IAB# 07-0577. You made this complaint on behalf of your daughter, Kimyuatta Lewis. This incident occurred on 6-20-07 at approximately 10:20 PM , in the area of 65th and Elmwood Streets. Where you present when this incident occurred?
A. No I was not

Q. Can you tell me what you know about this incident and how you came to know about it?
A. Well on June 20th 2007, around 10:20PM I got a phone call from Nastossia she was like Ms. Kim hurry up down here they lockin up Kimyuatta. I responded who, what are you talking about. She said the police is lockin up Kimyuatta, and I said for what. She said I don't know. I said where are you all at and she said 65th and Elmwood. I then told my teacher I had to leave. Got into my van. I speeded to 65th and Elmwood from Lester Pa. the whole entire time I'm talking to Nastossia. I asked her what district was it, what was the police car number I don't remember what she said 12 something. I asked her let me talk to the police. I heard the cop in the background say he didn't want to talk to me. I then said to Nastossia, ask him what he don't want to talk to the parent of the child he's lockin up. He didn't say anything. I told he to ask him could they wait there for me, I'll be right there. He said no. Then I told her to tell him that I have a cousin at the 12th District, named George Gee, could he call him.

Kim Briggs

He never answered. My son then got on the telephone and he's crying like mommy mommy there doing this and that to Kimyuatta. Then the male police officer snatched the phone from my son. He said this is officer so and so I don't remember his name. He said you daughter is being arrested . I said for what? He then replied resisting arrest. I said what was she being arrested for in the first place. I heard the female cop in the back ground saying bullshit she's getting arrested for assaulting a police officer. Then I don't know if Nastossia got back on the phone or Keith got back on the phone. I still hear all this commotion in the back ground. Nastossia then told me that they were putting Kimyuatta in the police car, hurry up Ms. Kim hurry up. I could still hear my son crying in the back ground. I heard a deep voice holler no. real deep. After that I guess they told me that Keithy was trying to get into the police car with his sister. Later Keith and the two girls told me that the male police officer choked him. They also told me that at another time he tried once again to get into the police car to go with his sister. This time the male police officer put his elbow in my son's neck. I was also told that my son was crying and wanted to be with his sister. Nastossia said there leaving, I was still speeding I got there in about fifteen to twenty minutes. They left my son on the corner with the other girls. As far as I'm concerned strangers. When I got there I picked my son up and I rushed off to 65th and Woodland. When I got there they were transporting her from the police car to the back of the paddy wagon. I jumped out of my van and I said what are you all doing. I don't know if it was a captain or sergeant or lieutenant, but he said stay back mamm or step back mamm. The lady cop said to me she's being arrested. I said for what again. This time face to face with her. She then said she assaulted me. I said are you kidding me. She said no. I then asked where are you taking her and they said 55th and Pine. You can meet us there if you like. Me and my sister met them at 55th and Pine. They pulled up before me in the parking lot. I saw them taking her in to the police station. Me and my sister went into the police station to find out what was going on and what could we do. We got no answers from them. I called my cousin who used to work at 55th and Pine to see if she could help us. We stayed there for about an hour and a half to two hours. My cousin called someone I don't know who she called but a man came out in a white shirt, I think he was the captain. He answered some of me and my sisters questions and I asked him could I see my daughter and is she ok.

Kim Briggs

\        *her* (KB)

He then brought her to the front of the glass so we could see her. He told her to take off her jewelry and she could give it to me. He let me know that it was a process and that me and my sister could go home she'll be here for awhile. Someone will call us. After that we went home. My daughter was released after thirteen hours.

Q. How old was your son on 6-20-07?
A. eight years old

Q. How long was your son alone with the three other girls?
A. About twenty minutes

Q. Do you know the names, ages and addresses of the other juveniles who were with your daughter that night?
A. Yes, Nastoissa, she was fourteen at the time I believe, she lives at 6419 Chelwynde Ave. , Brianna Glass, I think she was eleven or twelve at the time, but she did not give the police her real name. She told me herself that she and her cousin did not give the police their real names.

Q. How long have your son and daughter known these girls?
A. She's known Brianna for about four years and Nastoissa for a little over a year and the other girl I don't know her at all.

Q. Did you have any conversation with the police that night?
A. Just when I stepped out of my van and talked to officer who told me to stand back and the lady cop.

Q. Where did these conversations take place?
A. 65th and Woodland

Q. Who was with you when you had these conversations with the police?
A. Myself, my son was in the car.

Q. Do you know who the names of the officers you spoke to that night?
A. The male officer is a hard name I believe it starts an R, I'm not sure. The lady cop I don't know her name at all.


Kim  Briggs

Q. Is there anything else that you would like to add to your statement that has not been addressed?

A. Yes, if it was about curfew why didn't they put all the kids in a car and take them home. I'm arguing about what time was curfew in the summer. Also curfew was not one of her charges. They gave my daughter all these phony charges, and if anybody endangered my son I would say , if anybody endangered another person it would be the police. Endangering the welfare of my child. When we abuse our children they call DHS on us, well who do we call when the police department abuses our children. I'm an angry mom and how would those like it if someone did that to their children.   they (KB)

STATEMENT CONCLUDED: 1-8-08, 12:22 PM

I HAVE READ THE FOREGOING STATEMENT CONSISTING OF FOUR (4) PAGES AND IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

NAME: _Kim Briggs_

ADDRESS: _64 (KB) 2541 S. Robinson St._

DATE & TIME: _1|8|08   12:36 pm_

SIGNATURE : _Kim Briggs_